CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 10, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATHANIEL BRUCE DUNMORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00678 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MS. KENNY and I.R.S. SUPERVISOR, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Nathaniel Bruce Dunmore, a Virginia inmate proceeding *pro se*, filed this action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny against Defendants Ms. Kenny and I.R.S. Supervisor. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim and his Complaint must be dismissed.

In his Complaint, Plaintiff alleges that, while incarcerated, he did not receive certain economic impact payments ("EIPs") authorized by the CARES Act.[1] (*See* Compl. at 5.) He further alleges that on February 15, 2025, he wrote to Kenny—who is the "I.R.S. Kansas City operations manager"—to inform her that he did not receive the EIPs. (*Id.*) Kenny, however, did not respond. (*Id.*) Plaintiff asserts that Defendants' actions violated his equal protection rights under the Fourteenth Amendment and constituted cruel and unusual punishment in violation of the Eighth Amendment. (*Id.*) As to the former claim, Plaintiff asserts that because

---

[1] "The CARES Act, codified in part at [§] 6428 of the Internal Revenue Code, . . . established a mechanism for the [Internal Revenue Service (IRS)] to issue economic impact payments . . . to eligible individuals." *Stevens v. Dep't of Treasury Internal Revenue Serv.*, No. 1:21-cv-01437, 2022 WL 1228769, at *2 (E.D. Cal. Apr. 26, 2022), *report and recommendation adopted*, 2022 WL 2110516 (E.D. Cal. June 10, 2022).

other United States citizens received the EIPs and he did not, he has been discriminated against in violation of the Constitution. (*Id.*)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner's complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267 (4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and its progeny.[2] In *Bivens*, the Supreme Court first recognized an implied cause of action for a constitutional violation by federal officers, holding that there was an implied claim for monetary damages available under the Fourth Amendment where the plaintiff alleged that federal officers had searched his apartment and arrested him without a warrant or probable cause and used unreasonable force in doing so. *Tun-Cos v. Perrotte*, 922 F.3d 514, 520 (4th Cir. 2019) (describing *Bivens*). Since then, the Court extended *Bivens* to other factual situations only in two cases:

> In the first, *Davis v. Passman*, 442 U.S. 228 (1979), the Court held that the equal protection component of the Fifth Amendment's Due Process Clause provided a damages remedy for an administrative assistant who alleged that a Congressman fired her because she was a woman. *See id.* at 248–49. And in the second, *Carlson v. Green*, 446 U.S. 14 (1980), the Court held that the Eighth Amendment's Cruel and Unusual Punishments Clause provided a damages remedy for the estate of a prisoner who died due to the alleged failure of federal jailers to treat his asthma. *See id.* at 19.

*Tun-Cos*, 922 F.3d at 521. The Supreme Court has not recognized a *Bivens*-type remedy outside of those contexts, however, and has repeatedly declined to do so "in *any* additional context." *Id.* (collecting authority) (emphasis in original). Accordingly, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 522 (quoting *Iqbal*, 556 U.S. at 675).

In assessing whether a *Bivens* claim may proceed, the Supreme Court "has applied a two-step test." *Goldey v. Fields*, 606 U.S. 942, 944 (2025). At the first step, the court should

---

[2] Although Plaintiff indicated on his complaint that his claims also arise under 42 U.S.C. § 1983 (*see* Compl. at 2), this is incorrect, as Defendants are federal officers. *See Earle v. Shreves*, 990 F.3d 774, 777 (4th Cir. 2021) (noting that "§ 1983 does not provide a cause of action against federal officials") (emphasis omitted).

decide whether the claims arise in "a new *Bivens* context." *Tun-Cos*, 922 F.3d at 522 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 134–40 (2017)). A context is new when "different in a meaningful way" from the three previous *Bivens* cases. *Tate v. Harmon*, 54 F.4th 839, 844 (4th Cir. 2022) (quoting *Ziglar*, 582 U.S. at 139). The *Tate* court emphasized that "'new context' must be understood broadly [and] that a new context may arise if *even one* distinguishing fact has the potential to implicate separation-of-powers considerations." *Id.* at 846 (citing *Egbert v. Boule*, 596 U.S. 482, 495 (2022)) (emphasis in original).

"If the context is *not* new . . . then a *Bivens* remedy" is available. *Tun-Cos*, 922 F.3d. at 522–23 (emphasis in original). If the context is new, then the court turns to the second step, which requires it to determine whether "special factors counsel[ ] hesitation" in recognizing an implied cause of action. *Ziglar*, 582 U.S. at 136. In *Egbert*, the court observed that "those [two] steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." 596 U.S. at 492. Indeed, if "there is *any* rational reason (even one) to think that *Congress* is better suited" to resolve the cost/benefit analysis of letting a damages action lie, an implied action is precluded. *Id.* at 496 (emphasis in original). The *Tate* court recognized this conflation of the two steps as well, explaining that "in *Egbert*, . . . the Court recognized a substantial overlap between the factors relevant to" the two steps, "often leading to an analysis that addresses just a single question: 'whether there is any reason to think that Congress might be better equipped to create a damages remedy.'" *Tate*, 54 F.4th at 847–48 (quoting *Egbert*, 596 U.S. at 492).

Recently, another court in this district held that claims identical to those at issue here brought against the same Defendants "may not proceed under *Bivens* and its progeny." *Bethea v. Kenny*, No. 7:25-cv-00642, 2026 WL 1257360, at *5 n.3 (W.D. Va. May 7, 2026) (Dillon,

- 4 -

C.J.). Consistent with the *Bethea* decision, the court likewise concludes that Plaintiff's claims may not proceed under *Bivens*. Accordingly, the court will dismiss this action.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 10th day of July, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE